UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR212 HEA |
| ) | |
| TERRELL ROBINSON, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 29], of United States Magistrate Judge Terry I. Adelman, pursuant to 28 U.S.C. § 636(b). Judge Adelman recommends that Defendant's Motion to Suppress Physical Evidence, [Doc. No. 16], and Motion to Suppress Statements, [Doc. No. 17], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recording of the hearing held on May 8, 2008 and reading the transcript of

the hearing.

## Discussion

Defendant objects to Judge Adelman's findings that the confidential informant relied upon by Detective Stone was reliable; that Detectives Stone and Johnson each observed what he believed to be a gun in Defendant's possession; that Defendant was read his *Miranda* rights before any questions were posed by the detectives; and that Defendant made any statements to any law enforcement officer. Defendant further objects to Judge Adelman's conclusions of law based on his objections to the findings of fact, specifically that the detectives had probable cause to approach Defendant because of the reliability of the confidential informant and because both detectives observed what they believed to be a gun. He also objects to Judge Adelman's conclusion that Defendant was read his *Miranda* rights before being posed any questions.

Defendant's objections in this regard are without merit. The Court's independent review of the record, listening to the audio tape of the hearing and reading of the transcript supports the Court's conclusion that the confidential informant (CI) was indeed reliable. The CI gave Detective Stone information which was verified by independent sources. Detective Stone obtained a photograph of Defendant and the CI verified that the picture was of the individual about whom the CI had been giving information. The objection is overruled.

With respect to Defendant's objection that neither detective could observe what each believed to be a gun is likewise without merit. The observations described by the detectives are entirely reasonable. Neither detective testified that they "looked through" Defendant's brother, rather, they described what they saw through areas which were clear of any obstacles. Defendant's attempt to argue that it was "impossible" to observe the actions and the object involved is preposterous. The car door was opened by Defendant's brother; Detective Stone was able to see inside the vehicle because Derrick Robinson did not block the entire opening. Detective Johnson testified that he could see directly through the front windshield. The objection is overruled.

Defendant objects to Judge Adelman's finding that he was read his *Miranda* rights before any questions were asked of him. The undisputed testimony was that upon the retrieval of the gun, Defendant was informed by Detective Stone that he was under arrest. He was immediately thereafter read his rights from a St. Louis Police Department *Miranda* form. The testimony establishes that Detective Stone asked Defendant if he understood his rights, to which he responded in the affirmative. The objection is overruled.

Defendant does not elaborate on his objection to Judge Adelman's finding of fact that Defendant made certain statements to the officers, however, the uncontroverted evidence establishes that Defendant did make certain statements at

the time of his arrest.

Defendant does not object to the applicable law set out in Judge Adelman's Memorandum and Recommendation. Rather, Defendant relies on his objections to Judge Adelman's findings of fact to support his objections to the conclusions of law. Having found that Defendant's objections to the findings of fact are non-meritorious, his objections to Judge Adelman's conclusions of law fail without further discussion.

### Conclusion

Having conducted a *de novo* review of both the Motion to Suppress Evidence and the record before the court, Defendant's objections are overruled. The Memorandum and Recommendation contains a very thorough analysis of the facts and applicable law. The Court, therefore will adopt Judge Adelman's Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Physical Evidence, [Doc. 16], and his Motion to Suppress Statements, [Doc. No. 17], are **DENIED**.

Dated this 24th day of July, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE